## HENRY J. S. BROWN *v.* ISAAC W. COLIE.

Where a plaintiff declares upon a special contract, he should set out its provisions, either in form or legal effect, and allege that he has performed them, or state the facts which warranted a departure therefrom, if not performed literally. (*a*)

When the complaint is thus drawn, the defendant, if he deny that any thing is due to the plaintiff, must state the specific facts upon which such denial rests.

But *it seems*, that where a plaintiff declares generally and loosely for " a balance due him upon a contract," and goes to trial upon a mere denial by the defendant that any balance is " due upon the contract," the defendant may give in evidence any facts showing that there is no balance due, whether they consist in the non-performance by the plaintiff, or any other facts extinguishing the claim.

The object of pleading being to discover the grounds of claim and defence, and to bring the parties to an issue upon the precise matters in dispute between them, such generality in pleading should not be allowed.

In such case, the setting out of the contract and alleging performance in the reply, will not remedy the defect in the complaint.

But although the complaint be thus loosely drawn, if the defendant qualifies his denial of any balance due, by alleging the specific ground upon which it rests, for example, that the plaintiff has violated a provision of the contract by failing to perform within a certain time, as required therein, he will be limited to that ground in his proofs, upon the trial, so far as to be prohibited from showing a breach of the contract of an entirely different nature, as, for instance, that the plaintiff's performance was defective.

An affirmative allegation in the reply, that the plaintiff had performed, &c., would not, under such circumstances, enlarge the grounds of the defence.

Where testimony, irrelevant and inadmissible *in substance*, has been received by a *referee* upon the hearing, its exclusion from his consideration after the cause is submitted, is no ground for setting aside the report.

But such reception of evidence on the hearing, and such exclusion thereof, after the submission of the cause, on the ground that the *form* of a question was objectionable, or that it was not the best evidence of which the case admitted, would be improper.

Where it appears that if the testimony had been rejected when offered, the defendant, before the submission of the cause, would probably have applied for an amendment of his answer; *it seems* that in case full justice has not been done between the parties, such amendment might be allowed on terms, if moved at special term, without unnecessary delay, upon the coming in of the report.

---

(*a*) Under the code as since amended, § 162, this proposition may not apply to contracts for the payment of money only.

The court, at general term, although permitted to disregard mere formal defects not affecting the merits, has no jurisdiction, upon *appeal* from a *judgment*, to entertain an original motion to amend, and thereupon to order amendments to the pleadings, changing the nature of the defence, rendering a new trial necessary, and to reverse the judgment as if for error, and order such new trial.

THIS was an appeal by the defendant from a judgment entered upon the report of a referee, in favor of the plaintiff. The facts appear in the opinion.

*Erastus C. Benedict*, for the defendant.

*Gerardus Clark*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—On the argument of this appeal, the defendant urged, as ground for reversing the judgment, that the referee erred in rejecting the evidence given by the defendant (appellant); that the performance by the plaintiff was defective, in this, that his work was inferior in quality to the work required by the contract mentioned in the pleadings; the referee having, on the hearing, received such evidence, notwithstanding the plaintiff's objection, and subsequently, after the argument of the case, excluded it from his consideration.

The plaintiff in his complaint alleges an indebtedness by the defendant to him for work, labor and services of the plaintiff for him, and for materials, &c., supplied by him in and about such work, &c., for the defendant, as follows: $425 for the balance due to him on a contract between them, dated February 26, 1850, (describing it,) and $162 50 for extra work and services not included in the said contract, and done and performed by the plaintiff in and about, &c.

The defendant in his answer denies that he is indebted to the plaintiff in the sum of $587 50, as set forth in the complaint, and also denies that the sum of $425 is due to plaintiff as a balance upon a contract, as set forth in the complaint, or that there is due to him for extra work and services and materials, the sum of $162 50, as set forth in the complaint.

Brown v. Colie.

Had the answer of the defendant stopped here, and the plaintiff had gone to trial upon the issue thus created, it would be difficult to say that the issue did not open to both parties the broadest grounds of claim and defence. The plaintiff might, perhaps, in such case, be held to prove all the facts necessary to establish a balance, that is, the making of a contract; the full performance of it on his part, or circumstances excusing an exact performance, as well as the doing of the extra work, furnishing materials, &c. And the defendant, on the other hand, might, perhaps, have been permitted to show that the contract had not been performed, in any particulars, or any other facts, in denial that any balance was due on such contract.

I think the code never was intended to sanction such looseness in pleadings, and that the complaint was grossly defective in not setting out the facts upon which the alleged balance arose. In substance the plaintiff declared upon a special contract, and he should have set out its provisions either in form or legal effect, and alleged that he had performed them, or have stated the facts which warranted a departure therefrom, if not performed literally. Had he done this, the defendant must have stated the specific facts upon which his denial of any balance due rested, as non-performance in point of time, quality of the work, &c., and the parties would have gone to trial upon issues that were single, intelligible, and which apprised them of the precise grounds of claim and defence; and I am by no means satisfied that where a plaintiff declares generally and loosely for " a balance due him upon a contract," and goes to trial upon a mere denial that any balance is " due to him upon a contract," the defendant may not give in evidence any facts showing that there is no balance due, whether they consist in the non-performance by the plaintiff, or any other facts extinguishing the claim to any balance. The answer in such case would, I incline to think, be as good as the complaint, and neither of them ought to be sustained under any system of pleading, *old* or *new*. They are little if any better than *no* pleadings, and so long as the object of pleading is to disclose the real grounds of claim and defence, and to bring

the parties to an issue upon the real matters in dispute between them, such generality in pleading ought not to be allowed. The setting out of the contract and alleging performance in the replication does not help the complaint. It contains no new matter not necessary to be proved to establish the allegations in the complaint itself, if the defendant had rested upon a simple denial of the facts therein stated. But the defendant did not rest his case on a denial of the plaintiff's allegation that he was indebted for a balance due to the plaintiff on the contract. He qualified his denial by alleging the specific grounds upon which it rested. In substance, he says, that there is no balance due, *because* the plaintiff did not perform the work *within* the *times* specified in the contract, and he not only denies that there is any balance due *for that reason*, but claims to recoup his damages sustained by the delay. He thus distinctly discloses the ground of his defence—failure of the plaintiff to perform in time. I think he was properly confined to this ground by the referee.

He chose his position. He tendered an issue on the question of the time of performance, and he was bound by the issue he tendered. There is no pretence in the answer that the work had not been done, or that its quality did not correspond with the contract, nor that the contract was not performed in every particular save only in time, certain patching excepted, for which an allowance was made to the defendant on the trial, and which is not involved in the present appeal.

Having thus chosen his ground of defence, and narrowed down the issue to a single point, he could not depart from it on the trial, and prove a breach of the contract of an entirely different nature, viz., that the plaintiff's performance was itself defective by reason of the bad quality of the work and materials. No issue was formed between the parties on that question, and no such issue was therefore before the referee for trial. The affirmative allegation in the replication, that the plaintiff had done and performed all things, &c., did not enlarge the ground of defence. So far as this allegation imported that he had performed in particulars, the non-performance of which

was not alleged in the answer, it was irresponsive to the answer and unnecessary. It was not new matter, admitting the answer and avoiding it; nor did it change the issue at all. The defendant was met upon the very ground of contest selected by himself, and he has no reason to complain that he was held to his own choice. But it is urged that the referee having in fact received this evidence on the hearing, erred in excluding it from his consideration after the cause was submitted. However this might be viewed on an application to amend, as an excuse for not asking an amendment before the final submission of the cause to the referee, I do not perceive that there was any error in law committed. The evidence had been offered by the defendant, and had been improperly received; it should have been rejected, and it was the duty of the referee to strike it out of the case at any stage of the trial. Its temporary reception by the referee did not in any manner prejudice the defendant; *it* did not *prevent* his giving other evidence to the same point, for *no* evidence to the same point would have been proper. There would be some reason for complaint, if, after the testimony was closed, the referee excluded evidence from his consideration upon the ground that the *form* of a question was objectionable, or that it was not the *best* evidence which the nature of the case admitted. In such case the party would have lost the opportunity of reforming his question, or supplying the best evidence, and so would suffer wrong. Here he is in no worse condition than he would be if the referee had rejected the evidence when first offered.

I do not discover in this any reason for reversing the judgment.

I find in the case several exceptions to the ruling of the referee upon the admissibility of evidence. But they appear for the most part to be embraced in the single question above considered; and although noticed in the printed points, no argument was offered on the hearing of the appeal in support of the exceptions.

In connection with the argument of the appeal, the defendant's counsel submitted a motion for leave to amend the

answer, by alleging non-performance of the contract in respect to the quality of the work and materials, so as to bring the rejected testimony within the issues thus to be raised.   The evidence having at first been received by the referee, the whole merits of the proposed defence appear to have been fully 'developed by testimony on both sides.   Had the evidence been rejected when offered, no doubt the defendant would have applied to the court for leave to amend, before the case was submitted, and he may have been misled by the ruling of the referee into an undue confidence that his answer was sufficient. We are, upon a perusal 'of the evidence, by no means satisfied that full justice between the parties has been done; and we are, therefore, much inclined to think, that if without unnecessary delay, the defendant, on the coming in of the report, had applied to the special term for leave to amend upon those grounds, he would have obtained leave upon such terms as were reasonable.

But we are now sitting as a court of appeal, to review what has been done below, not to hear original motions for orders properly to be obtained below.   We are permitted to disregard mere formal defects not affecting the merits, but we have, I think, no jurisdiction on the appeal, after judgment, to order amendments changing the nature of the defence, rendering a new trial necessary, and thereupon to reverse the judgment as if for error.   Giving the largest construction to our powers on such an appeal, it seems to me that we can only do in such a case what the court, at special term, or the referee ought to have done—not do what they have never refused nor been asked to do.   I do not mean to intimate that the referee in this case could have allowed an amendment, but that the application should have been made at the special term, and that the general and liberal power of amendment given by the code is not to be exercised by us to the extent here sought, while sitting as an appellate tribunal to review the judgment.   Though not fully satisfied with the result upon the whole merits as disclosed by the evidence, we feel constrained to affirm the judgment.

Judgment affirmed.